# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| RICK R. SIMS | CIVIL ACTION NO. 17-cv-0447 |
| VERSUS | JUDGE FOOTE |
| SHARON GAMBLE, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Rick Sims ("Plaintiff"), who is self-represented, brought this civil action against three Texas citizens and the City of Bryan, Texas. He alleges in his original and amended complaints that Sharon Gamble and Marni Holloway, employees of the Texas Department of Housing and Community Affairs, violated the Fair Housing Act, Rehabilitation Act, and the Americans With Disabilities Act in connection with the processing and denial of an application that Plaintiff submitted for housing development financing for a development that would house persons with disabilities and who are recovering from addiction. The complaint also targets the City of Bryan and Alsie Bond, who is the Director of Community Development for the City of Bryan.

The City of Bryan and Ms. Bond have filed a motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim on which relief may be granted. Bryan and Bond assert that they have had no purposeful contacts with Louisiana that would allow this court to exercise personal jurisdiction over either of them. They also argue that venue is improper because no defendant resides in this district, and a substantial part of the events giving rise to the claims did not occur in this district.

Venue in a civil action is governed by 28 U.S.C. § 1391. It provides that a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

It appears that venue is proper in the Southern District of Texas (which encompasses the City of Bryan, located in Brazos County) on the grounds that all of the defendants reside in Texas. Even if not all defendants reside in Texas, venue is proper in the Southern District of Texas because all of the claims in this lawsuit arise out of events that occurred in that district. There is no basis to find that the Western District of Louisiana is a proper venue. The mere fact that Plaintiff resides in this Louisiana district and sent some emails or made phone calls from here that are related to the dispute is not sufficient to constitute a substantial part of the facts giving rise to the claims.[1]

---

[1] Furthermore, this court would almost certainly lack personal jurisdiction over the City of Bryan, and it is very unlikely the court could exercise personal jurisdiction over the individual defendants who have not been shown to have any meaningful presence in or contacts with Louisiana. The mere fortuity that Plaintiff happened to live in Louisiana and made some communications to the Texas defendants about the application process is not enough to establish that any of the defendants purposefully directed her activities toward Louisiana sufficient to establish minimum contacts with this state that would allow this court to exercise personal jurisdiction. Patterson v. Dietze, Inc., 764 F.2d

If a civil action is filed in an improper venue, the district court may dismiss the action or, if it is in the interests of justice, transfer the case to any district or division in which it could have been brought. 28 U.S.C. §1406(a). The court may take such action *sua sponte*. Caldwell v. Palmetto State Sav. Bank of South Carolina, 811 F.2d 916, 919 (5th Cir. 1987); Crawford v. Offshore Pipelines International, Ltd., 1998 WL 195989 (E. D. La. 1998). Even if a civil action is filed in a permissible venue, the district court may transfer the action, for the convenience of parties and witnesses, in the interests of justice, to any other district where it might have been brought. 28 U.S.C. § 1404(a). Such transfers may be made *sua sponte*. Mills v. Beech Aircraft Corp., Inc., 886 F.2d 758, 761 (5th Cir. 1989); Isbell v. D M Records, Inc., 2004 WL 1243153 (N. D. Tex. 2004).

A transfer to the Southern District of Texas is appropriate in this case. That Texas federal court is a proper venue for this case, this Louisiana court is not a proper venue, and it would be a great convenience to the parties and witnesses if the case were litigated in a Texas court located where all of the defendants reside, located where the events at issue occurred, and that has the greater likelihood of being able to exercise personal jurisdiction

---

1145, 1147–48 (5th Cir.1985). The plaintiff cannot be the only link between the Texas defendants and Louisiana. Rather, a defendant's conduct must form the necessary connection with Louisiana that is the basis for a Louisiana court to exercise personal jurisdiction over the Texans. Walden v. Fiore, 134 S.Ct. 1115, 1122-1123 (2014). There is no allegation or evidence of any such conduct directed at Louisiana by any defendant.

over all relevant parties. Accordingly, the Clerk of Court is directed to transfer venue of this civil action to the United States District Court for the Southern District of Texas.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of August, 2017.

Mark L. Hornsby
U.S. Magistrate Judge